UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC L. GONZALEZ,<br>        Plaintiff,<br>v.<br>KEVIN CHAPPELL, et al.,<br>        Defendants. | Case No. 24-cv-02737-RFL (PR)<br><br>**ORDER OF DISMISSAL**<br><br>Dkt. Nos. 9 and 10 |

**INTRODUCTION**

Plaintiff Eric L. Gonzalez alleges that state parole officials violated his constitutional rights in various ways when they denied him parole. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. § 1915A(a).

The complaint will be dismissed because the Defendants are immune from suit under section 1983 and Gonzalez has failed to state a claim for relief. Parole officials are immune from any decision to grant, deny, or revoke parole. Also, Gonzalez's claim that he was denied due process during the parole suitability hearing does not state a federal constitutional claim.

Gonzalez's motions to expedite and for a preliminary injunction are DENIED. (Dkt. Nos. 9 and 10.) The Clerk shall terminate Dkt. Nos. 9 and 10.

This federal civil rights action is DISMISSED.

## DISCUSSION

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. **Legal Claims**

Gonzalez alleges that parole officials Kevin Chappell, Eleanor Adams, and Brian Lutz violated his due process rights at a June 2022 parole suitability hearing. (Am. Compl., Dkt. No. 11, at 3.) He alleges that they "refused" to address "special conditions of release," thereby denying him an opportunity to present mitigating evidence concerning special conditions of release. (*Id.*) They also "failed to notice" that he was

entitled to elderly parole consideration and therefore Gonzalez was not able to present "mitigating evidence of his diminished physical condition." (*Id.*)

This section 1983 suit will be dismissed for two reasons. First, state parole board officials have absolute quasi-judicial immunity when they act to grant, deny or revoke parole, because such actions are functionally comparable to those of judges. *Sellars v. Procunier*, 641 F.2d 1295, 1302-04 (9th Cir. 1981) ("parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications"); *Anderson v. Boyd*, 714 F.2d 906, 908-09 (9th Cir. 1983) ("Quasi-judicial immunity completely shields covered officials when they perform the functions which give rise to the need for absolute protection, even when the officials make egregious mistakes in carrying out these duties."). Gonzalez contends that had Defendants considered the other factors during the hearing, he would be found suitable for parole. However, Defendants, as parole officials, are entitled to immunity "even when the officials make egregious mistakes in carrying out these duties." *Anderson*, 714 F.2d at 908-09. Furthermore, any inquiry into whether Defendants were remiss in failing to consider special conditions of release or that Plaintiff was entitled to elderly release consideration would be an inquiry into the legitimacy of the decision to deny parole. Such an inquiry is not allowed because parole officials are immune from suit.

Second, Gonzalez has not stated a claim for relief. In the parole context, a prisoner receives constitutionally adequate process when "he was allowed an opportunity to be heard and was provided a statement of the reasons" parole was denied. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). "The Constitution does not require more." *Id.*, quoting *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 16 (1979). The Constitution does not even require an inquiry into whether California's procedures produced the result the evidence required. *Id.* Gonzalez's claim that Defendants refused to consider special conditions of release or to notify him that he was eligible for elderly parole consideration does not raise a federal constitutional question.

The rights Plaintiff points to arise under state law, not the federal constitution.

It is clear from the petition that Gonzalez received the required amount of process: he had a hearing; he was allowed an opportunity to be heard; and he received a statement of reasons parole was denied. The opportunity to be heard standard requires only that: allowing an opportunity to be heard. It requires providing a hearing without dictating the particular procedures that must be followed at the hearing. *Swarthout*, 562 U.S. at 220 (United States Supreme Court found no due process violation because, among other reasons, habeas petitioners "were allowed to speak at their parole hearings."). Because Gonzalez received the required amount of process, it is clear he can "prove no set of facts in support of his claim which would entitle him to relief." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007). Allowing leave to amend would be futile.

Gonzalez's motions for a preliminary injunction, in which he asks for an expedited parole suitability hearing in which the Board is required to consider the factors it allegedly failed to consider in June 2022, and for expedited briefing, are DENIED. (Dkt. Nos. 9 and 10.)

## CONCLUSION

This federal civil rights suit is DISMISSED. Gonzalez's motion for a preliminary injunction and his motion for expedited briefing are DENIED. (Dkt. Nos. 9 and 10.)

The Clerk shall terminate Dkt. Nos. 9 and 10, enter judgment in favor of Defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** October 18, 2024

_____
RITA F. LIN
United States District Judge